PER CURIAM.
The former wife appeals from the final judgment of dissolution of marriage and raises several issues. Because the trial court credited the former wife with the appraised value of the family home within the equitable distribution, we reverse on that issue. We affirm all other issues raised without further discussion.
In making the equitable distribution pursuant to section 61.075, Florida Statutes, the lower court determined that the appraised value of the marital home was $80,000 and that the existing mortgage on the home stood at $49,000. In the final judgment, the court awarded the marital home to the former wife and required that title to the marital home be transferred to her by. the former husband. The court also ordered that the former husband assume sole responsibility for the mortgage, taxes, and insurance on the home. In accordance with its division of assets, the court credited the former wife with $80,000, the assessed value of the marital home, not the dollar value of the equity the couple had in the house.
The wife claims that the court erred in crediting her with the appraised value for the marital home in the equitable distribution instead of crediting to her only the amount of equity the parties had in the home. The former wife explains that although the former husband was ordered to assume the mortgage on the marital home, as long as the house stands as collateral to a mortgage she has not actually received the full value credited to her in the final judgment. For example, should the former husband die or otherwise be unable to make the required payments, she could lose the house through foreclosure. We agree that unless the mortgage is satisfied, the wife has not received and has no security that she will ever realize the full $80,000 credited to her in the equitable distribution. The award as made by the court is thus illusory. The court therefore erred in crediting the former wife with the appraised value of the home.
Accordingly, we reverse and remand for reconsideration of the equitable distribution made in this case. We affirm with regard to the other issues raised by appellant. ■
MINER, WOLF and PADOVANO, JJ., CONCUR.